Good morning, and may it please the Court, my name is Christina Hellman, and I represent the petitioner, Douglas Pitt. I plan to reserve about two minutes for rebuttal. In September of last year, Mr. Pitt began serving the final 20 months of his 205-month sentence. As it stands under his current judgment, those 20 months were possible only because of prior criminal convictions that have since been reversed. I thought, let me just stop you there, I thought under the Oregon sentencing system he could have been sentenced to the 20 months even without the prior convictions. That's true, Your Honor. There are different ways that he could have been sentenced to that 130 months. So his sentence is not illegal in the sense that it exceeds the permissible statutory maximum? Correct. His sentence is not illegal, and it's not the length of sentence that we are necessarily challenging in this case. It is the method by way that sentence was imposed, which is as it currently stands Well, excuse me, if you're not challenging the length of the sentence, what is the possible relief that you seek? A resentencing, Your Honor, because, and let me back up a little bit, as it currently stands, his sentence is unconstitutionally too long because the extra 20 months is possible only because the court was able to place him in a gridlock. You've just said two things that seem to be contradictory, and I can't unpack that. In answer to my earlier question, you said this is a legally permissible sentence in terms of its length, even under the revised list of convictions, and that it does not exceed the statutory maximum. And now you're saying it's unconstitutionally long. How do those two statements fit together? Yes, Your Honor. The question, because they are two different questions, the question of whether the sentence could be imposed, the 130 months could be imposed, is a different question than whether it would be imposed. And the Supreme Court has But how do we know, then, that when the district, the trial court declined to do, to resentence, it wasn't because he thought that the 130 months were appropriate anyway? We don't know why the court declined to, under the motion to modify. That's true. But don't we have an A motion to modify in Oregon is a very narrow and limited statutory process. And was one reason for declining to modify that, being that his sentence was within the statutory maximum and he could, in fact, have been sentenced up to 260 months, as I understand it, and that there was discussion at the original sentencing that what the judge wanted was 130 months. And so, and he said, I don't care about this sentence in Clatsop County. So why wasn't he just saying, you know, that's the sentence I want, no matter what? Because the 130 months on excerpt of record, page 43, was not an exercise of independent judicial discretion. The judge didn't determine that there were specific facts, either about Mr. Pitt or the offense, that made 130 months the precise And because under Oregon law, to go over the presumptive sentence, he would have had to explain himself. Is that why? Yes, and yes. And because it's very clear from this that what he wanted to do was basically repeat what had already been done. Counsel, what Supreme Court case did the court violate here? I mean, even if what you say is good policy or makes sense or would be the best outcome, we're here under IPA. And so we have to find that the court unreasonably applied a Supreme Court precedent. So where do you find that support? In Townsend and Tucker, Your Honor, as confirmed by the United States Supreme Court in Roberts, that a person cannot be sentenced on materially untrue information. But at the time he was sentenced, the sentence imposed was perfectly lawful at the time, was it not? Yes, but at the time he made his motion to modify, which is the operative judgment that is being reviewed, it was no longer lawfully imposed. He is currently sentenced under grid block A. That is not correct as a matter of fact in terms of his prior... But even if that were true, there are no facts, no Supreme Court case with facts that you're stitching together a principle based upon a number of Supreme Court cases. But I think we need to identify a factually similar case and point out that it was clearly established and therefore unreasonable. What case is that? Your Honor, I disagree with that in a couple reasons. Number one, I believe that the facts in Townsend are similar enough because in Townsend, the problem was that the defendant was sentenced based on convictions that simply did not exist. The judge believed he had been convicted for several crimes that were not true. At the time Mr. Pitt made the motion to modify, that's similar. Mr. Pitt was now sentenced based on convictions that no longer existed. They were not true. But the court understood that. I mean, Townsend is like just a mistake of fact, if you will, at the imposition of a sentence. And here, everybody knew what the situation was. I mean, that was the whole point of the motion. So I don't understand how Townsend is really that close. And then, Your Honor, the Supreme Court also, even under an AEDPA case, even under the requirement of clearly established law, the Supreme Court has made clear that you don't have to have factual identity. And so... Talk about similarity. You have to have a principle that has been clearly established that would necessarily apply to a different factual pattern. And so in Roberts, when the Supreme Court recognized that Townsend and Tucker stand for the proposition that a person cannot be sentenced under materially untrue facts, and then went on to apply that, even though they denied the defendant relief, in a case with very different facts, in that case, the defendant was not cooperating and the judge relied on that to sentence him, the Supreme Court itself recognized the broad application of the principles from Townsend and Tucker. And that, under AEDPA, is sufficient to demonstrate... And in which case? I'm sorry. Roberts, Your Honor. It's Roberts v. United States cited in the reply brief. Not Johnson. Not Johnson. I thought it was Johnson. That was the 20HA letter, Your Honor. So that establishes... It is true that there is no... That I have not been able to find, despite diligent research, a case which explicitly says there is no... In a federal habeas case from the Supreme Court that says this principle, but I don't need that. And I also believe, based on research, that the... And it's not just my belief, the Supreme Court believes that this is clearly established law. A person cannot... Well, how can we then walk down that path if you can't point to a case that would... In other words, being clearly established seems that you'll be able to point out to a case that we can accept, but you're acknowledging that there is no such a case. And then, Your Honor, my apologies, I misspoke. I'm just saying I... It's my position that Townsend, Tucker, and Tucker clearly established the principle, and that Roberts is the Supreme Court's next step in showing how broad that principle is. You have about a minute and a half, if you'd like to save it. Thank you, Your Honor. We'll hear from the government. May it please the Court, good morning. Jonathan Schilt on behalf of Respondent Mark Newth. This Court should affirm because the State Trial Court's decision in this case was not contrary to or an unreasonable application of clearly established United States Supreme Court law. But before that, I would like to touch on Harmless Error or the Court's questions with regard to whether resentencing would lead... Harmless Error, it's really sort of an AEDPA deference to what the trial court did if there is some way to construe it as valid without regard to the earlier sentence. But go ahead. As I see it, I believe it's a Harmless Error. Certainly. I think you could look at it through either avenue, that essentially the question is, would resentencing under the current criminal history lead to a difference in sentence? And I think the Petitioner's only argument with respect to that point is what the trial court was doing in 2007 was simply deferring to the 2003 sentence that was imposed. But that is not what the record reflects. Instead, there was a trial in 2007. There were different convictions that were entered. The trial court exercised its sentencing discretion and arrived at a different sentence that was imposed in the aggregate and structured those sentences differently in 2007. And I think, Judge Berzon, it is correct that the court looked back to the 2003 sentence in 2007 just to ensure that it wasn't imposing an overall greater sentence in the aggregate. So if this were a situation in which the corrected criminal history resulted in a lower maximum sentence such that the sentence was beyond what would be permitted, I assume the result would be different. In that the sentence would be outside what is permissible by law? Yes. Yeah, I think there is an avenue both in the federal system but specifically under Oregon's Post-Conviction Hearing Act that if there is a sentence that is in excess of or otherwise not in accordance with the sentence authorized by law, apart from any constitutional inquiry into that sentence, that post-conviction relief is available, that resentencing is available. But of course, that is not what we have here. You said in your brief, and I was confused by this, and you said it to the trial court too, that this could have been a 10A sentence anyway because of the other convictions in this proceeding. That doesn't seem right. It's just what Oregon's sentencing law provides, that when criminal history is, or when you take criminal history into account, in the sentencing proceeding, that if previous convictions have been entered even in that same proceeding, you can take those into account. As I understand it, there were four convictions in this proceeding, two dealing with one young girl and two dealing with another. So at least one of them would have been from the same criminal, you know, act, essentially, and wouldn't count. I don't think that's correct, Your Honor, because there's jury findings with regard to those first two counts in Lane County, that those were, in fact, separate criminal episodes that, and so That's what they were talking about in the hearing, but I couldn't understand what that was about. Yes, and so I think you could get to a 10A just by restructuring the sentence. And that argument was made to the State court judge. You made that. I mean, Oregon made that argument to the State court judge. Actually, what we don't have in the record, we have the response. There was an initial pro se motion to the trial court judge asking for resentencing. We have the State's response there. We don't have the State's response. But that was the response the first time. That was the response the first time, and I think we do have an indication from the trial court, which was the same trial court involved in the 2003 sentencing that essentially Now, would you comment on the citation which was provided by the Petitioner the last couple of days on the Johnson case, which seems to indicate that if this were 2255, it maybe would have had a different result. What's your thinking of that? Well, I think that goes back, well, first of all, 2255 allows for various ways that you can get Federal habeas relief for Federal sentences. One of those is that the sentence was in excess of the maximum authorized, and I don't know what the particular grounds were in Johnson v. United States that the Federal habeas relief would be appropriate. I would say that the court only Well, the person, I believe, was sentenced under the Armed Career Criminal Act and was no longer eligible in the circumstance, so I think that may be correct, that the sentence, lawful sentence, was lower. I think that's certainly true in Custis. There, if the state convictions had been vacated, the maximum sentence available was 10 years, but with the state convictions, it was 15 to life. And Johnson also involved, I think, another Gideon no lawyer problem, right? I think Johnson involved claims that the underlying convictions were unconstitutional, and I think that's another distinction here. If you take United States v. Tucker and apply that decision, I think it is only a violation of Gideon in the underlying convictions that gives rise to a resentencing. But if you expand that and say any constitutional violation in the underlying sentences give, underlying convictions give rise to resentencing, the reason for that possibly is that the allowing the sentence to stand essentially denies the constitutional right anew, or as the Court in Tucker put it, that that erodes further the constitutional right that's at issue. And here, we don't have any underlying constitutional violations in the other underlying convictions. So that's certainly a way to distinguish Tucker. I think there's multiple ways to distinguish Tucker, and I think we've already covered, and as is covered in the brief, I think the fundamental distinction with Townsend is that the problem in Townsend was with the sentencing proceeding itself, that the sentencing proceeding itself violated due process. But it's hard to understand why that would make a difference. I mean, if the fact that this was valid at the time, but it's now material, it's kind of like a Brady problem, sort of. I mean, if something shows up which demonstrates that this was simply, if we're not a an illegal sentence under Oregon law now, your argument about Townsend would seem to suggest that we still would not do anything about it. I think that's correct, not under Townsend. Or at least Townsend doesn't clearly establish a principle that would compel the trial court here to conduct a resentencing, because in the 2007 sentencing proceedings, you don't have the trial court relying on information. But you do have a sentence that is based on a materially erroneous fact, which is another way to read Townsend. Well, I don't think you can, I think that would be an extension, and you can read Townsend that way, but that would be an extension of the whole thing. It's only an extension if it's an impermissible reading. It's a question of whether you think Townsend was about the fact that this happened at a particular proceeding, or whether you think Townsend was about the fact that you shouldn't be having sentences based on provably wrong facts. And I think if you look back at what the Court said in Townsend, it was that it was the trial court in that case relying on information that was materially false at the time. That the Court acknowledged that an erroneous judgment, even based on a scrupulous and diligent search for truth, may be due process of law, suggesting that it really was the trial court's error in relying on materially false information at the time. That's why I made the Brady analogy. If it turns up that the trial court was basing a sentence, for example, on a completely – on everything he was told, but it turns out that something that he was told, a fact, not necessarily a conviction, was provably incorrect, and he should have been told that, but he wasn't, then we regard that as a due process violation. If the trial court relied on information that was materially false at the time, and I don't think the criminal history here was false at the time. I think it was accurate at the time, and it's accurate now. It's just that – You can think about that, or you can think about the fact that the earlier – that the sentence in Classup County was, you know, not what it was represented to be because it was an illegal – it wasn't actually a legal sentence. I think at the end of the day – Because it was based on a conviction that Oregon later determined to be invalid. I think at the end of the day, what Petitioner needs is a case holding that when a sentence is based on information that's correct at the time, but that information changes some time later, regardless of when that is, that always requires resentencing, and Townsend doesn't hold that, and I don't think Petitioner cited any clearly established Supreme Court law that would provide that holding. Thank you, counsel. Ms. Hellman, you have a little rebuttal time remaining. Thank you, Your Honor. Two brief points. The last thing that a counsel for the State said was that I needed a case that said even if the sentence was right at the time, if it later becomes untrue, then it must be resentenced as a matter of law no matter what. I don't need that. Under AEDPA, I need clearly established law that can be a holding or a principle from the Supreme Court, which is what it needs to be, that directly applies to a case, and that is what Townsend and Tucker give Mr. Pitt in this case. My second point is that when you read the sentencing transcript from the resentencing that is at issue, it is clear that the judge is not conducting an independent and de novo determination to come up with 130 months. The concern at sentencing is that Mr. Pitt does not get longer time and therefore have a challenge on appeal as a vindictive sentence. They want to reimpose the same amount of time that the previous judge gave, and they are trying to figure out how to do that. But he also said no matter what happens to the class of county. I mean, they recognized that the class of county convictions were perhaps shaky, and he said, I want to have this, whatever happens to the class of county convictions, right? I see I'm out of time. Please answer. He does indicate that he wants to put him away for as long, this prosecutor says, I want to put him away. I know the prosecutor said that, but the judge said, as I recall. You know, I don't, I'm not looking at class of county. I want, this is, because there was discussion about the fact that the class of county conviction could, might well be overturned. Uh, yes, Your Honor. But it was my reading of the record that it was the prosecutor who was saying, I don't, I don't want to care about what happens in class of county. I want him to have the most time possible. And the court kept asking the question, the most time possible. I want 130 months. That's what he said. He didn't say the most time possible. Um, it is the prosecutor was saying the most time possible. I'm the judge said what I want is 130 months, whatever happens to class of county. Um, Your Honor, it's in a way, what the judge says repeatedly is asking him back to the prosecutor. Well, judge foot, the previous judge, judge foot gave him on top of collapse of county right. One 30. And then again, that was excerpt of record 39. And then the judge says on excerpt of record 43. Well, one more time, Mr. Pugh, the prosecutor, the total effect of judge foot sentence was he stacked 130 months on top of collapse of county. And then the judge says, okay, then that's what I'm going to do. And so his concern, if you can, was that he didn't want to extend the sentence because Oregon laws at the time was so strict on lengthy sentences, potentially being vindictive and providing an appellate challenge. Thank you, counsel. Thank you very much. The case just argued is submitted. And once again, we're appreciative of helpful arguments from both of you. Our next argued case, after which we will take a little break, is United States versus Smith.
judges: Graber, Berzon, Robreno